SOENKSEN and others vs. WEYHAUSEN and another.

*Practice in equity cases. — Settlement of issues for jury. Judgment, reversal of.*

1. In an equity cause, it is the better practice that questions of fact, to be determined by a jury, should be settled, and the affirmative of each assigned to the party entitled thereto, *before* the introduction of any evidence, and before requiring defendant to put in his defense at the trial.

2. But where the course above described was not pursued, this court will not reverse for that error a judgment rendered upon the verdict which seems to be in accordance with the weight of evidence.

APPEAL from the Circuit Court for *Manitowoc* County.

Action by an upper mill owner to abate and lower, to a certain extent, the dam of lower mill owners on the Michicott river, by which, it is alleged, the level of the water has been raised since April, 1866, above its previous height, and to recover damages for injuries to plaintiff's mill caused thereby.

The answer denies the injury to plaintiff's mill, and alleges that the defendants' dam was constructed and mill erected several years before those of the plaintiff, and that defendants had maintained their dam and water at the same average height for over thirty years prior to the commencement of the action, and that the right to do so had become and was appurtenant to their mill site.

At the trial, the parties stipulated that the issues of fact should be tried by a jury. Before the jury were called, defendants' counsel moved the court for an order stating specifically the questions of fact which they were to try. This motion being then denied, was renewed at the close of the plaintiff's testimony, and again denied.

The witnesses on both sides were numerous, and their testimony, especially upon the point whether the dam rebuilt by defendants in 1866 had caused the water to set back to any greater extent than before, was conflicting.

After the evidence was all in, defendants' attorney again renewed his previous motion, which was again denied; but the judge in his charge enumerated forty-seven questions of fact which the jury were instructed to answer by their verdict.

Upon the verdict rendered under such instructions, and upon a subsequent hearing thereon, the court found the facts substantially as found by the jury; and as a conclusion of law, held that the plaintiffs were entitled to a judgment abating and lowering defendants' dam to the extent of ten inches, and for the costs of suit. Judgment accordingly; from which defendants appealed.

*E. B. Treat* (with *J. A. Bentley*, of counsel), for appellant:

The questions to be tried by the jury should have been settled, and the affirmative of the issues assigned to the respective parties, before the introduction of any evidence, and certainly before requiring defendants to put in their defense. This was the old rule in equity, and the practice has not changed in the courts of this state. Old Rules in Equity, No. 80; New Rules, No. 44; sec. 11, ch. 122, R. S.; sec. 6, ch. 132, R. S.; 1 Barb. Ch. Pr., 446–7; 2 id., 481–2–3; 1 Van Santv. Eq. Pr., 261, 267; 2 id., 505; *Williams v. Slaughter*, 3 Wis., 347; *Johnson v. Johnson*, 4 Wis., 135; *Waterman v. Dutton*, 5 id., 413. The refusal to do so was an error which deprived the defendants of a fair trial, and resulted in a judgment contrary to equity and against the weight of evidence. The case of appellant is within the rule laid down in Angell on Wat., § 80; *Cowell v. Thayer*, 5 Met., 253; *Jackson v. Harrington*, 2 Allen, 244; *Hynds v. Shults*, 39 Barb., 600; *Ray v. Fletcher*, 12 Cush., 200.

*Gillett & Taylor*, for respondents:

The defendants, in order to sustain their case, should have shown either that they had maintained their dam and set back the water to the same height before the erection of plaintiff's mills, as they have done since the year 1866, or that they had maintained the same at the same uniform and average height

and to the same extent for twenty years prior to the commence-ment of the action. *Hoag v. Delorme*, 30 Wis., 591 ; Angell on W. C., 254, 255, 449 ; 17 Wend., 564 ; 1 Johns., 156 ; 15 E. C. L., 353 ; 17 Pick., 198 ; 9 id., 251 ; 23 id., 221 ; 36 Barb., 536. Both these propositions were negatived by the jury, and by the finding of the court ; and their findings are sustained by a preponderance of evidence. 2. The practice pursued in this case is authorized by law. Tay. Stats., 1494, § 6 ; R. S., ch. 132, sec. 6. 3. The defendants have had the benefit of a trial by jury, and a review of their action upon the subsequent rehear-ing ; and they can not have sustained any injury by the refus-al of the court to make the order requested.

DIXON, C. J.   But a single point of law is presented in this case, and that is, whether the questions to be tried by the jury should have been settled, and the affirmative of each assigned to the party entitled thereto, before the introduction of any evidence, and before requiring the defendants to put in their defense on the trial.   Counsel for the defendants insists that such is the better and more correct practice, and we are inclined to agree with him.   It seems to us that such a course of pro-ceeding would have facilitated the investigation in this case, and that it it would do so in almost all cases of the kind ; and it appears to be sustained by authority.   But, although this is so, and though a different course was pursued at the trial, the question still arises, whether the judgment is neces-sarily erroneous and must be reversed on that account.   The action is in equity, and the verdict was merely advisory, or to aid and enlighten the court upon the questions of fact.   It is a rule at law, even, that immaterial errors will be disregarded ; and none are regarded as material which did not or could not have injuriously affected the substantial rights of the party complaining.   The judgment will stand if it appears that jus-tice has been done.

Counsel for the defendants argued very cautiously, and as if

Patten vs. Chicago & Nothwestern Railway Company.

himself quite distrustful, if indeed he argued at all, that the finding of the jury was against the weight of evidence. The clear preponderance of testimony, as we are fully persuaded after careful perusal of it, sustains the verdict. The fair result from all the evidence is, that the dam rebuilt in 1866 raised and set back the waters of the stream up to and on the wheels and machinery of the plaintiff's mill, several inches higher than they were accustomed to be . set back previous to that time. The jury found from ten to twelve inches, and on sufficient evidence. The answer of the jury was satisfactory to the court, and a judgment was entered directing the defendants to abate and lower their dam ten inches. We think the judgment was proper, and that no injustice has been done the defendants. We do not think either the jury or the court could have come to any different conclusion or one more favorable to the defendants, had the practice contended for by their counsel been adopted ; and hence we are of opinion that the judgment should be affirmed.

*By the Court.* — Judgment affirmed.

PATTEN VS. CHICAGO AND NORTHWESTERN RAILWAY COMPANY.

(1–3) *Negligence, when a question for the jury.* (4) *Excessive damages.*

1. The submission to the jury of the question of negligence upon undisputed facts is not ground of reversal in any case, if the jury determined the question correctly.
2. It is only when it is clear that a particular fact constitutes negligence, that the court will so decide without the intervention of a jury. When the question is one of law and fact, or of a mixed character, it should be left to the jury.
3. The plaintiff, being a woman seventy-two years old, was put off, with her trunk, at defendant's depot. between nine and ten o'clock at